UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABBAS ABDOUSH,

       Plaintiff,

   v.

PRISONER HEALTH SERVICES,
INC., et al.,

       Defendants.
                               /

CASE NO.  2:11-CV-15138
JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PAUL J. KOMIVES

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN EXPERT WITNESS (docket #38)

Plaintiff Abbas Abdoush, a state prisoner, commenced this action on November 21, 2011, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff filed an amended complaint on March 17, 2014.  Plaintiff alleges that defendants–Prisoner Health Services, Inc. and various PHS employees–deprived him of adequate medical care on the basis of his religion and ethnicity, in violation of the Eighth and Fourteenth Amendments.  On the same date that he filed his amended complaint, plaintiff filed the instant motion for the appointment of an expert witness.  For the reasons that follow, plaintiff's motion will be denied.

Plaintiff seeks appointment of an expert witness pursuant to FED. R. EVID. 706, which in relevant part provides that "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." FED. R. EVID. 706(a).  In addition to setting for the role of an appointed expert, *see* FED.

R. CIV. P. 706(b), the rule provides that an expert appointed in a civil case is entitled to "reasonable compensation . . . in the proportion . . . that the court directs[.]" FED. R. CIV. P. 706(c).

Although a district court has broad discretion to appoint an expert under Rule 706, such appointments are not commonplace, and are reserved for exceptional cases involving particularly complex matters. *See Monolithic Power Sys., Inc. v. O2 Micro Int'l, Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009); *In re Joint E. & S. Dist. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993). Importantly, "the purpose of Rule 706 is to assist the factfinding of the court, not to benefit a particular party." *Paiva v. Bansal*, No. 10-179-S, 2011 WL 1595425, at *3 (D.R.I. Apr. 27, 2011) (citing cases). Thus, appointment of an expert pursuant to a party's motion is not appropriate where it is "motivated by [a] desire for an expert witness to help [the party] prove [his] case rather than any need for a neutral expert view to assist the court." *Carranza v. Fraas*, 763 F. Supp. 2d 113, 119-20 (D.D.C. 2011). "Rule 706 is not a means to avoid the *in forma pauperis* statute and its prohibition against using public funds to pay for the expenses of witnesses, nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff." *Brooks v. Tate*, No. 1:11-cv-01503, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (citations omitted); *accord Colton v. Scutt*, No. 10-CV-13073, 2012 WL 5383115, at *7 (E.D. Mich. Nov. 1, 2012) (Majzoub, M.J.); *Tangwall v. Robb*, No. 01-10008, 2003 WL 23142190, at *4 (E.D. Mich. Dec. 23, 2003) (Lawson, J.).[1]

Here, plaintiff seeks appointment of an expert to advance his own cause of action, not for

---

[1] Notably, the *in forma pauperis* statute, 28 U.S.C. § 1915, "does not provide for the appointment of an expert witness to aid an indigent litigant." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995), *cited with approval by Stitts v. Staples*, No. 97-5415, 1998 WL 466569, at *4 (6th Cir. July 31, 1998) and *Carter v. Michigan Dep't of Corrections*, No. 12-cv-12621, 2013 WL 5291567, at *7 (E.D. Mich. Sept. 19, 2013) (Murphy, J.).

the purpose of assisting the Court. At this time it does not appear that an expert is necessary to assist the Court in adjudicating petitioner's claims. The deliberate indifference test under the Eighth Amendment is a familiar, legal standard that the Court is often called upon to apply to prisoner medical claims. As the Seventh Circuit has explained, the deliberate indifference test requires a prisoner to show that the defendant disregarded a substantial risk of harm, an inquiry that does not "demand that the [factfinder] consider probing, complex questions of medical diagnosis and judgment" requiring the appointment of an expert. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997). Importantly, a plaintiff is not required to present expert testimony in order to establish deliberate indifference on the part of prison officials, *see McCabe v. Prison Health Servs.*, 117 F. Supp. 2d 443, 451-52 (E.D. Pa. 1997). On the contrary, deliberate indifference is a legal question not within the purview of an expert witness. *See Berry v. City of Detroit*, 25 F.3d 1342, 1352 (6th Cir. 1994). Plaintiff's claims do not involve overly technical or complex questions of medical treatment and diagnosis. In these circumstances, appointment of an expert under Rule 706 is not necessary.

Accordingly, it is ORDERED that plaintiff's motion for the appointment of an expert witness is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

  IT IS SO ORDERED.

Dated: May 5, 2014                    s/Paul J. Komives
                                      PAUL J. KOMIVES
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 5, 2014, electronically and/or by U.S. Mail.

                                                      s/Michael Williams  
                                                     Case Manager to the  
                                                     Honorable Paul J. Komives