UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABBAS ABDOUSH,

        Plaintiff,        Civil Action No.: 11-15138
                                     Honorable Stephen J. Murphy, III
v.                                    Magistrate Judge Elizabeth A. Stafford

PRISONER HEALTH
SERVICES, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS EDELMAN, PRISONER HEALTH SERVICES AND SQUIRE'S MOTIONS TO DISMISS [57, 64], AND DEFENDANTS KINDER AND PANDYA'S MOTION TO DISMISS [59]**

**I.    RECOMMENDATION**

Before the Court are two motions to dismiss filed by defendants Prison Health Services ("PHS"), Adam Edelman, and Harriet Squire (the "PHS Defendants"). The first seeks dismissal of plaintiff Abbas Abdoush's complaint for failure to state a claim upon which relief can be granted. [57]. The second, filed four months later and after Abdoush failed to file a responsive brief to the first motion as ordered by the Court, seeks to dismiss his complaint for failure to prosecute. [64]. Also before the Court is defendants Laura Kinder and Haresh Pandya's (the "MDOC Defendants") motion to dismiss or, in the alternative, for summary judgment. [59]. This case has been referred to the undersigned to resolve

all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [66]. For the following reasons, the Court RECOMMENDS that the PHS Defendants' motion to dismiss for failure to prosecute [64] be GRANTED, and the other two motions to dismiss [57, 59] be DENIED AS MOOT.

## II.    REPORT

### A.    Background

Abdoush initially filed a complaint in this Court against defendants PHS, Edelman, Squire, Pandya, and Kinder, as well as Dr. Paul Piper, the Michigan Department of Corrections ("MDOC"), Sheila Bastin and Dr. George Pramstaller. [1]. Abdoush's complaint alleged that he was denied adequate medical care after sustaining an injury to his eye following a collision during a soccer match. He alleged that to date he continued to suffer pain and other ancillary conditions as a result of not receiving proper treatment for this injury. MDOC, Edelman and Piper filed motions to dismiss, which were recommended to be granted in a July 13, 2012 Report and Recommendation. [24]. Subsequently, after the Report and Recommendation was returned to the Court as undeliverable due to Abdoush's parole, Edelman and Piper moved to dismiss the complaint for failure to prosecute. [26]. On August 14, 2012, the Court granted that motion, mooting the earlier Report and Recommendation, and dismissed

Abdoush's complaint without prejudice. [27].

In December 2012, Abdoush filed a change of address notice with the Court [29] and, in February 2013, moved to have his case reinstated. [30]. Attached to that motion was what appeared to be an amended complaint. *Id.* On August 14, 2013, the Court granted Abdoush's motion to reinstate, and directed him to file his amended complaint separately within ten days. [35]. On February 11, 2014, almost six months after Abdoush was supposed to file his amended complaint, the Court issued an order to show cause why the case should not be dismissed for Abdoush's failure to file the amended complaint. [37]. Abdoush responded to this show-cause order, claiming that he had been in immigration custody following a short period of parole and had not received any mail, including the order reinstating his case and directing him to file an amended complaint. [39]. On April 1, 2014, over the objection of defendants Edelman, Piper, PHS and Squire, the Court set aside its show-cause order and directed the Clerk of Court to serve previously unserved defendants Kinder, Bastin and Pandya. [44].[1] Service was executed on Kinder and Pandya, but returned unexecuted as to Bastin. [52, 53, 54]. Despite the Court's April 1 order requiring MDOC to provide another address for Bastin [44 at 7], MDOC

---

[1] The amended complaint omitted reference to defendants MDOC, Pramstaller and Piper, and they were terminated as parties at this point. [40].

has, to date, not provided an alterative address.

On April 14 and 17, 2014, respectively, Abdoush notified the Court of an address change. [46, 47]. The PHS Defendants moved to compel production of documents on June 5, 2014, and Abdoush was ordered to respond to the motion by July 31, 2014. [55 & 56]. In June of 2014, the PHS Defendants filed a motion to dismiss Abdoush's complaint for failure to state a claim, and the MDOC Defendants moved to dismiss Abdoush's complaint or, in the alternative, for summary judgment. [57 & 59]. Abdoush was ordered to respond to these two motions by August 4, 2014. [60]. However, on June 25 and 26, 2014, respectively, copies of the Court's orders regarding Abdoush's response dates were returned as undeliverable. [61, 62]. On July 2, 2014, Abdoush filed another change of address with the Court, noting that he had been paroled. [63]. The Court's orders were re-mailed to this new address nine days later.

Three months later, after Abdoush failed to file a response to the outstanding motions, the PHS Defendants moved to dismiss his complaint for failure to prosecute. [64]. On October 22, 2014, an order was issued requiring Abdoush to respond to this motion by December 22, 2014, and the order was sent to his last address of record; this order was has not been returned as undeliverable. [65]. Nonetheless, Abdoush has not

responded to any of the pending motions.

### B. Legal Standard

Federal Rule of Civil Procedure 41 governs dismissals of actions. As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> '(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In addition, Eastern District of Michigan Local Rule 11.2 requires that all *pro se* parties keep the Court apprised of address changes through filing and serving a notice with the Court. Failure to do so "may subject that

person or party to appropriate sanctions, which may include dismissal, default judgment, and costs." E.D. Mich. L.R. 11.2

### C. Analysis

The four factors outlined above, as well as Abdoush's noncompliance with Local Rule 11.2, warrant dismissal here. With regard to the first factor, it is clear that Abdoush is at fault for his failure to prosecute this case. He has been warned on several occasions that his failure to keep his address current with the Court would result in dismissal of his action, and his action has once been dismissed without prejudice for the same. He has previously filed changes of address with the Court as recently as recently July 2014. Orders directing his response to motions, previously determined to be undeliverable, were sent to this address mere days after he filed his notice. Yet to date, he has not responded to any of the outstanding motions.

Further, in order to ascertain Abdoush's status, the Court has checked both MDOC's and the United States Immigration and Customs Enforcement's ("ICE") tracking systems and Abdoush does not appear in either system.[2] The Court has also contacted the divisional ICE office and

---

[2] MDOC, *Offender Tracking Information System* (Jan. 9, 2015, 10:13 a.m.), http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=288877; ICE, *Online Detainee Locator System* (Jan. 9, 2015, 10:13 a.m.), https://locator.ice.gov/odls/searchByName.do.

has been informed that Abdoush is not presently in custody.[3]  Therefore, the fault falls squarely on Abdoush for failing to respond to the pending motions and/or notify this Court of another address change and this factor weighs in favor of dismissal

With regard to the second factor, prejudice to the opposing party, the Court finds that Defendants have been prejudiced by Abdoush's failure to prosecute.  Prejudice is found where a defendant has "waste[d] time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).  Due in large part to Abdoush's repeated failure to keep the Court apprised of his current address, this case has been pending for almost four years without any resolution.  The PHS Defendants have already moved once to dismiss, and a recommendation on that motion was rendered moot by the Court's previous dismissal for failure to prosecute. Defendants have since filed four other motions in this case, with briefs and

---

[3] In responding to the Court's order to show cause regarding his failure to file an amended complaint, Abdoush informed the Court that he had been held for a period of time in ICE custody, where he could neither send nor receive mail.  [39].  Thus, the Court took the above measures to ensure that Abdoush's current failure to prosecute was not due to another period of ICE detention following his most recent parole.  *See e.g. Medina v. Buffalo Fed. Det. Facility*, No. 13-CV-202M, 2014 U.S. Dist. LEXIS 26252, at *1 n.1 (W.D.N.Y. Feb. 20, 2014) (contacting immigration authorities to determine plaintiff's whereabouts for purposes of ruling on dismissal for failure to prosecute).

exhibits, including three motions to dismiss. To require Defendants to continue to defend this case without the presence of Abdoush, and with no assurance as to if or when he might reappear, is prejudicial and unwarranted under the circumstances. Therefore, the second factor weighs in favor of dismissal

With regard to the third factor, notice, Abdoush has been repeatedly warned about the consequences of failing to apprise the Court of his correct address and/or prosecute his case. Indeed his case has already been dismissed once for want of prosecution due to his inaction [27], and he was issued a show-cause order on another occasion for again failing to comply with a court order to file an amended complaint. [37]. He was also issued other orders providing him with dates to respond to the pending motions, orders that were resent to his most recent address only days after he filed the latest notice of change of address. [56, 60, 63, 65]; [7/11/14 Text-Only Certificate of Service]. "Prior notice, or lack thereof, is the key consideration when determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Schafer*, 529 F.3d at 737 (*quoting Stough v. Mayville Community Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (internal quotations omitted). There is no question that Abdoush was on notice about the consequences of his inaction and thus the third

factor weighs in favor of dismissal.

Finally with regard to the fourth factor, a lesser sanction has been previously imposed against Abdoush. His original complaint was dismissed for failure to prosecute without prejudice, allowing him the opportunity to reinstate his case, which he did. *See Schafer*, 529 F.3d at 740 (finding court's earlier dismissal of complaint without prejudice constituted lesser sanction later permitting court to dismiss with prejudice). Abdoush's repeated lapses in prosecution since then, despite the fact that he is not presently in the custody of any agency, leads this Court to find that imposition of that lesser sanction a second time is not warranted. Defendants have been prejudiced long enough already.

Further, even if the Court found failure to impose a lesser sanction weighed against dismissal, this factor does not override the overwhelming weight of the other three factors that weigh in favor of dismissal. The Sixth Circuit has concluded that while the consideration or imposition of lesser sanctions is "a *factor* in our review" it is "not a *sine qua non* for affirmance," and the Sixth Circuit is "loathe to require the district court to incant a litany of available lesser sanctions." *Harmon*, 110 F.3d at 369. Therefore, the Court finds that dismissal is still appropriate under the circumstances.

For these reasons, the Court concludes that analysis of the four

factors weighs heavily in favor of dismissal and, as a result, Abdoush's complaint should be dismissed for failure to prosecute. In addition, Abdoush's failure to comply with Local Rule 11.2 and provide this Court with his current address, if indeed it has changed, further warrants dismissal of his complaint. *See e.g. Stornello v. Heyns*, No. 13-cv-13674, 2014 U.S. Dist. LEXIS 72630, *5-6 (E.D. Mich. May 12, 2014) *adopted by* 2014 U.S. Dist. LEXIS 72206 (E.D. Mich. May 28, 2014) (Friedman, J.) (dismissing plaintiff from case for failure to notify court of address change pursuant to L.R. 11.2). As a result, the Court recommends that the PHS Defendants' motion to dismiss for failure to prosecute be granted and the other outstanding motions to dismiss be denied as moot.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS GRANTING** the PHS Defendants' motion to dismiss for failure to prosecute **[64]**, **DISMISSING** Abdoush's complaint, and **DENYING** the PHS Defendants' and the MDOC Defendants' other motions to dismiss **[57, 59]** as **MOOT**.

Dated: January 12, 2015         s/Elizabeth A. Stafford
Detroit, Michigan               ELIZABETH A. STAFFORD
                                United States Magistrate Judge

## **NOTICE TO PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2015.

Dated: January 12, 2015            s/Marlena Williams
                                   MARLENA WILLIAMS
                                   Case Manager